UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY ALLEN HART,
        Plaintiff,

v.                                                  Case No.   8:22-cv-300-WFJ-CPT


AUBURNDALE POLICE
DEPARTMENT,
        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's civil rights complaint

(Doc. 1). Plaintiff has not paid the filing fee, therefore the Court considers this action

as one proceeding *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by

adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under
> this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases dismissed for

one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the

filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff has filed many actions that qualify as a "strike" under Section 1915(g), including: *Hart v. Judd,*  8:11-cv-1590-T-33TBM, *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP, *Hart v. Knight*, 8:16-cv-1337-T-33JSS, *Hart v. Hays*, 16-cv-1391-T-17TGW; *Hart v. Murphy*, 8:16-cv-1976-MSS-MAP; *Hart v. Fla. Dep't of Corr.*, 8:16-cv-2109-SDM-AEP; *Hart v. Auburndale Police Dep't*, 8:18-cv-2117-SDM-AEP; *Hart v. Auburndale Police Dep't.*, 8:20-cv-1796-WFJ-TGW, and *Hart v. Grady Judd*, 8:21-cv-1620-WFJ-JSS.

Because he has had three prior dismissals that qualify under Section 1915(g) and because he has not alleged that he is in imminent danger of serious physical injury, Plaintiff is not entitled to proceed *in forma pauperis*.  This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint.  Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full at the time he files the complaint.

Accordingly, it is **ORDERED** that this case is **DISMISSED without prejudice** to the filing of a new complaint, in a new case, with a new case number,

upon the contemporaneous payment of the filing fee.  The **CLERK** is directed to enter judgment accordingly and **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida on February 10, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*